UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IDALIS ARESTAD,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendant.

CASE NO. C22-175RSM

ORDER DENYING MOTION TO COMPEL

    This matter comes before the Court on Plaintiff Idalis Arestad's Motion to Compel. Dkt. #13. Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") opposes. Dkt. #14. Neither party has requested oral argument.

    Plaintiff submitted an underinsured motorist ("UIM") claim based on a 2018 collision. Plaintiff now asserts claims against Liberty Mutual for (1) breach of contract (the insurance policy), (2) insurance bad faith, (3) negligent claim handling, (4) violation of the Insurance Fair Conduct Act ("IFCA") and (5) Violation of Consumer Protection Act. *See* Dkt. #1.

    On November 17, 2020, Plaintiff's counsel, Tom Lester, wrote to Liberty Mutual to advise that his client had settled her claim against the at-fault driver for that driver's $25,000 policy limits and that Plaintiff would be proceeding with a UIM claim. Dkt. #15 ("Hansford

ORDER DENYING MOTION TO COMPEL – 1

Decl."), Ex. 1 at 1. At the same time, Mr. Lester sought a response within 10 days from Liberty Mutual about purchasing the claim to proceed via subrogation against the at-fault driver. *Id.*

Liberty Mutual assigned Alison Whipple to the claim; she confirmed the underlying settlement with the at-fault driver's insurance. She responded on November 18, 2020, informing Mr. Lester that they would not be buying out the underlying claim. Hansford Decl., Ex. 4 at 1. She also requested photographs and estimates from an earlier collision that Plaintiff was involved in on May 2, 2018, photographs, estimates, medical records, and imaging relating to the subject collision, and five years of prior medical records with any related imaging. *Id.* Liberty Mutual received Plaintiff's UIM demand letter on November 25, 2020. Hansford Decl., Ex. 2. The letter repeats that Plaintiff settled with the at-fault driver for her $25,000 policy limits and alleges medical expenses of just over $12,000, but nonetheless demands the full $100,000 UIM policy limits. *Id.* The medical records provided with the demand letter showed that Ms. Arestad's treatment mostly consisted of chiropractic care.

On December 8, 2020, Ms. Whipple apparently informed Mr. Lester that, based on Liberty Mutual's investigation, Plaintiff had been fully compensated by the underlying settlement and that Liberty Mutual would not be making any settlement offer. *See* Dkt. #14 at 3. This email is not provided to the Court.

Between December 8, 2020, and February 25, 2021, there were apparently no communications between the parties. On February 26, 2021, Liberty Mutual received a letter demanding that it arbitrate Plaintiff's UIM claim. Hansford Decl., Ex. 6. Ms. Whipple responded with a copy of the policy and explained that an earlier arbitration clause had been removed. Liberty Mutual did not hear from Mr. Lester until November 12, 2021, when it received a letter addressed to the Office of the Insurance Commissioner ("OIC") and a draft complaint for filing

ORDER DENYING MOTION TO COMPEL – 2

in Whatcom County Superior Court. Hansford Decl., Ex. 8.  The parties then engaged in back-and-forth discussions, ultimately resulting in the filing of this action.

Plaintiff served interrogatories and requests for production on September 20, 2022, seeking the entire claim file for Plaintiff and the reserves set for Plaintiff's claim at various points in time.  Liberty Mutual produced most of this file but redacted certain portions.  A privilege log was provided.  Liberty Mutual stated "No reserves had been set for Plaintiff's UIM claim by June 30, 2018, or by May 30, 2019, because Plaintiff's UIM claim was not opened until on or around November 17, 2020, when Plaintiff's counsel notified Defendant that Plaintiff had settled her claim against the at-fault driver from the collision involving Plaintiff on May 30, 2018. By December 3, 2021, Defendant had set reserves of $5,673.69 on Plaintiff's UIM claim." Dkt. #13 at 3.  Liberty Mutual claimed work product privilege for the reserve prices after Plaintiff's suit.

The parties conferred but could not agree on the privileges claimed by Liberty Mutual.  Plaintiff now moves to compel production or for the Court to conduct an in-camera review.  The response from Liberty Mutual makes clear that work product privilege is at issue.

**A. Legal Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  If requested discovery is not answered, the requesting party may move for an order compelling such discovery.  Fed. R. Civ. P. 37(a)(1).  The party that resists discovery has

ORDER DENYING MOTION TO COMPEL – 3

the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Rule 26(b)(3) governs Liberty Mutual's assertions of work-product protection. *See Schreib v. Am. Family Mut. Ins. Co.*, 304 F.R.D. 282, 285 (W.D. Wash. 2014); *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611-JLR, 2014 WL 2526901 (W.D. Wash. May 27, 2014). The work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). When the issue comes before the court, it necessarily requires a case-by-case inquiry. *Garcia v. City of El Centro*, 214 F.R.D. 587, 592 (S.D. Cal. 2003). The party invoking the work product doctrine bears the burden of establishing that it applies. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The Ninth Circuit has stated that "a document should be deemed prepared in anticipation of litigation and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d 900, 907 (9th Cir. 2004). If a document would have been created in substantially similar form in the normal course of business, however, the fact that litigation is afoot will not protect it from discovery. *Id*. at 908. Where a document serves a dual purpose—*i.e.*, the document "was not prepared exclusively for litigation"—the Ninth Circuit applies the "because of" standard:

> Dual purpose documents are deemed prepared because of litigation if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. In applying the "because of" standard, courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would not have been

ORDER DENYING MOTION TO COMPEL – 4

created in substantially similar form but for the prospect of litigation.

*Richey*, 632 F.3d at 567–68 (internal quotation marks omitted).

Plaintiff's Motion argues:

> Litigation was commenced against Defendant Liberty Mutual in January, 2022 and removed to this Court in February, 2022. The redacted entries and other valuations comments were created from November 18, 2020 through December 3, 2021. Defendant's redactions obstruct discovery of possible improper practices employed by Defendant in evaluating Plaintiff's claims and unreasonably eliminates discovery of meritorious claims.

Dkt. #13 at 4. Liberty Mutual responds:

> The court considered whether an insurer could reasonably anticipate litigation based on an insured's demand letter in *Leahy v. State Farm Mutual Automobile Insurance Co.*, 3 Wn. App. 2d 613, 418 P.3d 175 (2018). The insured had sent a demand for payment of policy limits and suggested litigation would follow. *Id.* at 619, 622. The court noted the insurer had produced documents relied on during its evaluation, but held that from the date of the demand it was appropriate to redact the portions of the insurer's claim file showing its evaluation and mental processes. *Id.* at 625–26.
>
> Here, as in *Leahy*, Liberty reasonably anticipated litigation after it received Ms. Arestad's demand letter of November 25, 2020. Liberty reasonably anticipated litigation at that time because, despite claiming medical expenses of just over $12,000 arising almost entirely from chiropractic care for soft-tissue injuries, Ms. Arestad claimed general damages in excess of $150,000 and demanded her $100,000 policy limits.
>
> The evaluations and reserve information sought by Ms. Arestad were all created after Ms. Arestad made her policy limits UIM demand and specifically addressed the value of her UIM claim in anticipation of litigation…

Dkt. #14 at 7. Liberty Mutual asserts that the redactions "contain the specific mental impressions and opinions of Liberty's adjuster" and thus constitute "opinion work product." *Id.* at 8–9.

ORDER DENYING MOTION TO COMPEL – 5

The Court, taking into account the facts surrounding the creation of the redacted documents at issue and the reserves, concludes that their litigation purpose so permeates any other purpose that the two purposes cannot be discretely separated from the factual nexus as a whole. *See In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d at 907. Considering all the facts above, the Court agrees with Liberty Mutual that it was reasonable to anticipate litigation after it received Plaintiff's counsel's demand letter on November 25, 2020, seeking ten times the documented medical expenses. The redactions at issue all follow that demand letter and were created because of the prospect of litigation. They would not have been created in substantially similar form but for this prospect. Accordingly, Liberty Mutual has met its burden of establishing that the work product doctrine applies.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Idalis Arestad's Motion to Compel, Dkt. #13, is DENIED.

DATED this 21st day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO COMPEL – 6